# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-065 |
| VERSUS | SECTION "L" |
| | JUDGE FALLON |
| ASHTON J. RYAN, JR. | |
| WILLIAM J. BURNELL | MAGISTRATE (4) |
| ROBERT B. CALLOWAY | MAGISTRATE JUDGE ROBY |
| FRANK J. ADOLPH | |
| FRED V. BEEBE | |

## ORDER

WHEREAS discovery provided by the United States and productions made and to be made by nonparties in response to subpoenas in this case include or are expected to include sensitive material, whose unrestricted dissemination or use could adversely affect law enforcement interests, the privacy interests of nonparties, or violate prior court orders, federal or state privacy laws, or other federal or state laws prohibiting disclosure;

WHEREAS, certain documents, records, and information, including electronically composed or stored information in written, electronic, digital, or any other medium (hereinafter "Information") have been produced and additional Information is sought from nonparties including but not limited to the Federal Deposit Insurance Corporation ("FDIC") as Receiver ("FDIC-R") for the failed financial institution First NBC Bank, the FDIC in its corporate capacity ("FDIC-C"), and the FDIC Office of Inspector General, Office of Program Audits and Evaluations ("FDIC OIG PAE"). Any nonparty to this case that produces Information is referred to herein as a "producing nonparty."

WHEREAS the nonparties desire to produce Information in this criminal action without unnecessary involvement of the Court or delays caused by privilege or privacy concerns, and recognize that this may include Information which is confidential and may be subject to

privilege, the release of which may be either restricted and/or discretionary under FDIC Rules and Regulations, including but not limited to 12 C.F.R. § 309 (2012), the Right to Financial Privacy Act (12 U.S.C. § 3401, *et seq.*), the Privacy Act of 1974 (5 U.S.C. § 552a, *et seq.*), 12 C.F.R. § 310, the Bank Secrecy Act of 1970 (12 U.S.C. § 1723, *et seq.*), the Information Privacy Provisions of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801, *et seq.*), and the Inspector General Act (5 U.S.C. App.); and

WHEREAS, this matter having come before the Court via stipulation of the Parties to this litigation that the Court enter this stipulation as a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority, and the Court having been fully advised, the Court finds good cause exists for this Stipulated Protective Order ("Protective Order").

IT IS HEREBY ORDERED as follows:

14. "Protected Material" means Information produced or to be produced by nonparties in response to grand jury subpoenas or trial subpoenas, whether or not labeled with a "Confidential" Bates label prefix.  The Protected Material shall be held strictly confidential and may be examined and used only in connection with the preparation, discovery in connection with, trial, and appeal of this litigation.

15. The use and dissemination of Protected Material shall be limited as follows:

    a. No person shall transcribe, copy, or disclose in any manner any Information contained in the Protected Material other than as necessary for the limited purpose of the preparation, and discovery in connection with, trial and appeal of this litigation, except with the expressed written consent of the producing nonparty and upon order of the Court.

b. Except as specifically provided for in this Order or subsequent Orders of the Court, Protected Materials or their contents shall not be revealed, disclosed or otherwise made known to any persons other than the following:

  (9) Counsel of record in this action;

  (10) Employees of such counsel and outside vendors who are necessary to assist such counsel in the preparation and trial of this litigation;

  (11) Persons whom counsel of record for the Parties believes will be called to give testimony at deposition or at trial on matters relating to Protected Material;

  (12) Experts retained by counsel;

  (13) The Parties in this action;

  (14) The Court;

  (15) Court reporters employed in connection with this litigation; and

  (16) Any other person with the consent, in writing, of the producing nonparty.

16. Every person given access to the Protected Material shall be advised that the Information is being disclosed pursuant to and subject to the terms of this Protective Order, and may not be disclosed other than pursuant to the terms thereof. Any such person shall execute an agreement to be fully bound by this Protective Order in the form of Exhibit A, attached hereto.

17. Protected Material produced or to be produced by the FDIC-R, FDIC-C, or FDIC OIG PAE, or any other non-party in response to grand jury subpoenas or trial subpoenas includes but is not limited to:

a. Regulatory.  Information related in any way to the regulation or supervision of the Bank or its holding company, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC-C, or any other federal or state regulatory authority, and any Information containing confidential material obtained from any documents and records related to the supervision or regulation of the Bank or its holding company.

b. Statutory.  Information that is confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552, 12 C.F.R. Part 309, 12 C.F.R. § 21.11, the Inspector General Act, 5 U.S.C. App., or any other applicable federal or state laws, including consumer nonpublic personal Information defined by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, et seq. and its implementing regulations.

c. Bank and Bank Customers.  Information related to the Bank, its holding company, its employees (i.e., personnel or employment records), its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including Automated Clearing House items or transactions, chargebacks, merchant processing, bank account Information, signature cards, bank statements, general ledger entries, deposit or reserve Information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower.  Examples of "Protected Material," without limitation, include documents containing a customer's account number,

  credit card number, personal identification number, account balance, Information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or Information that contain the customer's name, address, social security number, date of birth or other similar identifying Information.

 d. Receivership. Information related to the receivership of the Bank, including any Information on loss or estimates of such loss on the Bank's assets not publicly available.

 e. Nonparties. Information produced by independent contractors, outside accountants or auditors, or other entities or individuals who performed work for the Bank or its holding company.

 f. Trade Secrets and Other Information. Information that reveals trade secrets or research, technical, commercial, or financial Information that the Party or nonparty has maintained as confidential.

 g. Personally Identifiable Information (PII). Information that contains PII as defined in the Freedom of Information Act, the Privacy Act, the Bank Secrecy Act, and Gramm-Leach-Bliley Act.

 h. Privileged Information. Information protected by attorney client privilege, work product doctrine, and deliberative process privilege.

18. The FDIC-R, FDIC-C, and FDIC OIG PAE are excepted or exempted from the Right to Financial Privacy Act and the Privacy Act of 1974 requirements by reason of this Protective Order, 12 U.S.C. § 3413(d), 5 U.S.C. § 552a(b)(11), and 12 C.F.R. § 310.10(b)(11) (2012), and the FDIC in the applicable capacity was authorized to release

the documents requested in response to grand jury subpoenas, which were produced in discovery, and in response to trial subpoenas.

19. Parties will redact Protected Material from any Court filings and refrain from otherwise placing Protected Material in the public record. If necessary to file Protected Material in Court filings, parties will either redact Protected Material from public filings or seek leave of the Court to file materials containing that Information under seal, if redaction would frustrate the purposes of making the filing.

20. Any party offering any of the Protected Material into evidence in at trial, or in connection there with, shall offer only those pages or portions thereof that are relevant and material to the issues in dispute, and shall redact any portion of any page that contains Information not relevant and material to such issues.

21. Nothing in this Protective Order shall be construed as waiving or abridging (i) the right to seek modification of this Protective Order; (ii) any right to seek or to object to disclosure or production of any Information in this case; (iii) any right to use or introduce into evidence any Protected Material or to object to using or introducing Protected Material into evidence in this case.

22. Absent written permission from the producing nonparty or on further Order of the Court, this Protective Order shall continue to be binding throughout and after the conclusion of the litigation, including any appeals and subsequent proceedings in the District Court.

23. Any person granted access under this Protective Order and Exhibit A to any of the Protected Material who uses such Protected Material for any purpose other than the preparation, trial, or appeal of this litigation, or otherwise violates the terms or conditions of this Protective Order shall be subject to sanctions by the Court.

24. The terms and conditions of this Protective Order shall apply to any prior, subsequent or supplemental process that was issued or may be issued and served on the producing nonparty in connection with this litigation; however, this Protective Order does not limit or restrain the official use of the Protected Material by the producing nonparties in any capacity.

25. Pursuant to Fed. R. Evid. 502(d), to the maximum extent permitted by law, disclosure of any Protected Material in connection with this case does not waive any privilege or protection of the producing nonparty associated with such Protected Material, such as the attorney-client privilege, work product protection, or deliberative process privilege. Pursuant to Fed. R. Evid. 502(d), any such disclosure in connection with this case does not waive any privilege or protection associated with such Protected Material in any other federal or state proceeding.  The Parties and the nonparties are not required to meet the conditions in Federal Rule of Evidence 502(b)(1-3).  In the case of any such disclosure of privileged documents, the receiving party shall, immediately upon becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of receipt of a written request by the producing party, return the original to the producing nonparty, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any word processing database, tape, or disk it maintains.  This protection against waiver does not affect and is not affected by designation of any communication or Information as Protected Material.  Nothing in this Protective Order shall affect the right of any Party or producing nonparty in any capacity to withhold from disclosure Information that is privileged or otherwise protected from disclosure.

26. Within ninety (90) days after the final conclusion of this litigation, including appeals or other resolution, any documents or other materials containing the Protected Material shall be destroyed, and each recipient of the Protected Material shall send written certification that all Protected Material in his or her possession has been destroyed to the producing nonparty.

Counsel for the United States of America, Ashton J. Ryan, Jr., William J. Burnell, Brad C. Calloway, Frank J. Adolph, and Fred V. Beebe have consented to the entry of this Protective Order.

**IT IS SO ORDERED.**

New Orleans, Louisiana, on this 11th day of June, 2021.

_____
United States District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-065 |
| VERSUS | SECTION "L" |
| | JUDGE FALLON |
| ASHTON J. RYAN, JR. | |
| WILLIAM J. BURNELL | MAGISTRATE (4) |
| ROBERT B. CALLOWAY | MAGISTRATE JUDGE ROBY |
| FRANK J. ADOLPH | |
| FRED V. BEEBE | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

This undersigned represents that he/she, along with his or her support personnel, as applicable: (a) has received a copy of the Court's Stipulated Protective Order ("Protective Order") in the above-captioned case; (b) has read the Protective Order and understands its provisions; (c) agrees to be bound by the terms of the Protective Order; and (d) agrees to be subject to the jurisdiction of the United States District Court for the Eastern District of Louisiana for the purposes of any proceedings related to the enforcement of the Protective Order.

Date: _____         _____
                                      Signature
                                      Printed Name:_____

**Exhibit A**